HALL, Judge.
The appellants, William A. Bischoff, Jr. and the American Cancer Society, Inc., challenge the final order of discharge which closes the administration of the estate of William A. Bischoff.
Under the original will executed in 1977 by William A. Bischoff, William A. Bis-choff, Jr. was to receive all of the net income from a trust for his life, and the remainder was to be paid to the American Cancer Society, Inc. However, in 1983, the senior Bischoff executed a codicil which devises his entire estate to the appellees, Peggie Guy Rodriguez and Lynda T. Schoonover, as cotrustees of the trust, and designates that William Bischoff, Jr. is only to receive a portion of the net income from the trust. Further, the codicil specifies that upon the death of William Bis-choff, Jr. the appellees are to receive the remainder of the trust as individuals. The American Cancer Society is no longer named as a beneficiary.
After William Bischoff died on June 7, 1988, both his will and the codicil were admitted to probate. The appellees were appointed copersonal representatives and. were issued letters of administration.
After an order of discharge was entered, the appellants filed a motion for rehearing raising the issues of lack of notice of administration, failure to serve the American Cancer Society with a copy of the petitions for discharge and for final accounting, and fraud. The motion was denied.
In addition to the issues raised in their motion for rehearing, the appellants attempt to raise issues on appeal that they failed to raise in that motion. We find no merit in any of the issues properly before this court. We point out that where an appellant, as in the instant case, has not participated in any of the probate proceedings in the trial court and files a motion for rehearing after a final order of discharge has been entered, the issues he may raise in his appeal of the order of discharge are limited to the issues he raised before the trial court in his motion for rehearing.
Affirmed.
LEHAN, A.C.J., and PATTERSON, J., concur.